637 So.2d 785 (1994)
Robert MOLE
v.
LOUISIANA BOARD OF PAROLE.
No. 93 CA 1524.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
Robert Mole, Jackson, in pro. per.
Roxie F. Goynes-Clark, Baton Rouge, for defendant-appellant Louisiana Bd. of Parole.
Before CARTER, GONZALES and WHIPPLE, JJ.
CARTER, Judge.
This is an appeal from the judicial review in an action for habeas corpus.

FACTS
After his conviction on seven counts of simple burglary of an inhabited dwelling in 1982, Robert Mole was sentenced to seven years imprisonment on each count. Mole's sentences were to be served concurrently. At the same time, Mole was adjudicated an habitual offender for attempted burglary of an inhabited dwelling and sentenced to a term of imprisonment of four years. Thereafter, on May 19, 1987, Mole was released because of diminution of sentence for good behavior and placed on parole supervision pursuant to LSA-R.S. 15:571.5 until August 10, 1989 (the date of his full term release).
On January 11, 1989, Mole was arrested on a new felony charge. Mole was permitted to remain on bond pending the disposition of the charges against him. On August 10, 1989, a warrant was issued for Mole because of his parole violation. On or about October 19, 1989, the Louisiana Parole Board (Board) revoked Mole's parole because of his conviction on the new felony charge.
On November 25, 1991, December 15, 1991, and January 14, 1992, Mole filed requests for release with the Board, challenging the computation of his release date. At each step of the proceedings, Mole's requests were denied. The response at each step revealed that the computation of the release date was accurate and that Mole was not entitled to relief.
*786 On March 10, 1992, Mole filed a petition for habeas corpus against the Board. In his petition, Mole contended that he completed serving his parole term on August 9, 1989, and that the warrant to revoke his parole was not signed until August 10, 1989. As such, Mole reasons that the revocation of his parole was untimely. The Board answered Mole's petition, denying the allegations.
Upon judicial review, the commissioner determined that at the time the warrant was issued for Mole, he had fully satisfied his first sentence, and his parole had expired. Accordingly, the commissioner rendered judgment in favor of Mole and against the Board. On May 12, 1993, the trial judge signed a judgment, adopting the recommendations of the commissioner.
From this adverse judgment, the Board appeals, assigning the following errors:[1]
1. The trial judge/commissioner erred in overturning the administrative decision;
2. The trial judge/commissioner erred in determining that Mole's parole supervision ended at 12:01 a.m. on August 10, 1989; and
3. The trial judge/commissioner erred in determining that the warrant, issued by the Louisiana Board of Parole on August 10, 1989, occurred after Mole had fully satisfied his sentence.

STANDARD OF REVIEW
Proceedings before the Louisiana Board of Parole and review thereof in the district courts are governed by the Administrative Procedures Act. LSA-R.S. 49:964 and 967. The standard for judicial review of Board decisions is found in LSA-R.S. 49:964 G, which provides as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The manifest error test is used in reviewing facts as found by an agency, as opposed to the arbitrariness test used in reviewing conclusions and exercises of agency discretion. Broussard v. Louisiana Tax Commission, 614 So.2d 1341, 1344 (La.App. 3rd Cir.1993); In the Matter of Dravo Basic Materials Company, Inc., 604 So.2d 630, 636 (La.App. 1st Cir.1992).
In the instant case, the issue before the trial court was not a factual matter, but was a review of the conclusions and exercises of the Board's discretion. As such, the manifest error test is inapplicable, and the trial court was required to use the arbitrariness test in its review.

TIMELINESS OF ISSUANCE OF WARRANT
In these assignments of error, the Board contends that the commissioner/trial court erred in determining that Mole had completed his parole supervision when the warrant was issued by the Board on August 10, 1989. The Board reasons that Mole's discharge was not final until 11:59 p.m. on August 10, 1989, and the warrant which was issued prior to that time on August 10, 1989, was timely.
*787 The commissioner/trial court determined that Mole was under parole supervision until August 10, 1989, at 12:01 a.m. after which Mole's parole expired. Accordingly, the commissioner/trial court determined that the warrant, which was not signed by the Board until later during the day on August 10, 1989, was untimely. We agree.
At all times pertinent hereto, LSA-R.S. 15:574.6[2] provided, in pertinent part, as follows:
The parole term, when the board orders a prisoner released on parole, shall be for the remainder of the prisoner's sentence, without any diminution of sentence for good behavior. When the parolee has completed his full parole term, he shall be discharged from parole and shall be issued a final order of discharge by the board. A copy of this order shall be sent to the Department of Corrections to be made a matter of permanent record.
This statute does not specifically set forth the time of day the parolee's full parole term is completed. Nor have either of the parties cited any statute or other legal provision which specifies a time of day for completion of the parolee's full parole term. To give the statute the interpretation suggested by the Board, namely that the full parole term is not completed until 11:59 p.m. of the full parole term, is inappropriate. If the full parole term of a parolee were not completed until midnight of the day of his full parole term, then the Department of Public Safety and Corrections could not legally discharge the parolee until the following day. In such event, the parolee's release date would be the day following the completion of his full parole term.
In the instant case, Mole's parole officer issued a letter, requesting that a warrant be issued for the purpose of extending his parole until the final disposition of the January 11, 1989, felony charge, on August 7, 1989. Mole's full term release date was August 10, 1989. Therefore, on August 10, 1989, Mole's full parole term was completed. As a result, when Mole had completed his full parole term (August 10, 1989), the Department of Public Safety and Corrections was required to discharge him from parole, without order by the Board. When the Board issued the warrant because of his parole violation later during the day on August 10, 1989, Mole had fully satisfied his sentence and his parole term had expired.
Substantial rights of Mole were prejudiced, and the Board's determination that Mole had not completed his full parole term prior to the issuance of the warrant and its decision to refuse to discharge Mole were arbitrary, capricious, and characterized by an abuse of discretion. Therefore, the trial court was correct in reversing the Board's decision and ordering an adjustment to Mole's master prison record to reflect that he fully discharged his 1982 sentences.

CONCLUSION
For the above reasons, the judgment of the commissioner/trial court is affirmed. Costs of this appeal in the amount of $184.87 are assessed against the Board.
AFFIRMED.
NOTES
[1] Although we will not address individually each assignment of error raised by the Board, the opinion adequately disposes of all issues raised.
[2] By Acts 1991, No. 117, § 1, LSA-R.S. 15:574.6 was amended and now provides as follows:

The parole term, when the board orders a prisoner released on parole, shall be for the remainder of the prisoner's sentence, without any diminution of sentence for good behavior. When the parolee has completed his full parole term, he shall be discharged from parole by the Department of Public Safety and Corrections without order by the board, provided that:
(1) No warrant has been issued by the board for the arrest of the parolee.
(2) No detainer has been issued by the parole officer for the detention of the parolee pending revocation proceedings.
(3) No indictment or bill of information is pending for any felony the parolee is suspected to have committed while on parole.