| JARRO, J.
Reginald Bernard, an inmate in the custody of the Louisiana Department of Pub- *471 lie Safety and Corrections, appeals a judgment of the district court dismissing his petition for writ of habeas corpus. Finding merit in Bernard’s assignment of error that the district court erred in screening his habeas corpus application under the provisions of the Prison Litigation Reform Act (PLRA), Louisiana Revised Statutes 15:1181-90, we reverse and remand.
In his petition, Bernard claimed that, although his confinement was originally lawful, because of an intervening series of events and the application of an allegedly unconstitutional statute, the custody had become unlawful. Bernard stated that in 1989, he was convicted of the crime of distribution of a controlled dangerous substance and was sentenced to 15 years at hard labor. He was eligible for a reduction of his sentence by earning “good time” credit, and he opted to receive “double good time” at the rate of thirty days for every thirty days spent in actual custody. See LSA-R.S. 15:571.3 and 15:571.4. After serving 7-1/2 years in prison, Bernard was released “as if on parole,” and placed under parole supervision for the remainder of the original full term of his sentence, pursuant to Louisiana Revised Statute 15:571.5. Under that statute, if the released person violates a condition of parole, the parole board can revoke the release and recommit the person to custody for the remainder of the original full term of the sentence.
Bernard’s petition alleged the unconstitutionality of Louisiana Revised Statute 15:571.5, claiming that as a result of its enforcement, he was “unlawfully and unconstitutionally restrained and deprived of his liberty.” He asked the court to issue a writ of habeas corpus and order the respondents to show cause why he should not be granted relief and immediately released from further custody. The writ of habeas corpus is the appropriate procedural vehicle by which to bring such a claim before the district court. See LSA-C.Cr.P. arts. 351 and 362(2); Sinclair v. Kennedy, 96-1510 (La.App. 1st Cir.9/19/97), 701 So.2d 457, 460, writ denied, 97-2495 (La.4/3/98), 717 So.2d 645.
The district court’s judgment was rendered in accord with a recommendation by a commissioner[2] after a “judicial screening,” a procedure authorized by Louisiana Revised Statutes 15:1178 and 1188. Under those provisions, a petition for judicial review filed under the provisions of Louisiana Revised Statute 15:1177 or a petition in a civil action in which a prisoner seeks redress from a governmental entity or its agents is reviewed by the court to determine whether it states a cognizable claim or cause of action. After this screening process, if the court determines that the petition lacks substantive merit on certain stated grounds, it may dismiss the petition. The record shows that this was the procedure used in dismissing Bernard’s petition.
However, we conclude that the “judicial screening” process by which this petition was dismissed by the district court is inappropriate for this habeas corpus claim. Louisiana Revised Statute 15:1178 applies this process to claims seeking judicial review when an inmate has gotten an adverse decision from prison authorities *472 using the Corrections Administrative Remedy Procedure (CARP). This suit does not involve such a claim; therefore, Section 1178 is inapplicable. Louisiana Revised Statute 15:1188 applies a similar screening process to claims brought under the PLRA. The provisions of the PLRA are applicable only to claims concerning the conditions of confinement or the effects of actions by government officials on the fives of persons confined in prison; it specifically does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. LSA-R.S. 15:1181(2); Frederick v. Ieyoub, 99-0616 (La.App. 1st Cir.5/12/00), 762 So.2d 144, 150, writ denied, 00-1811 (La.4/12/01), 789 So.2d 581.
Therefore, the district court erred in dismissing Bernard’s petition for habeas corpus on the basis of a “judicial screening” recommendation by the commissioner. | ¿This matter should be handled as any other civil matter, and judgment should be rendered only after the defendants have been served and issue has been joined.[3] Therefore, this matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The office of commissioner of the Nineteenth Judicial District Court was created to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. See LSA-R.S. 13:711. The commissioner’s written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5).

. We note that although the procedural posture of this matter mandates our decision to remand, the commissioner's "judicial screening" recommendation thoroughly analyzed the substantive merits of Bernard’s constitutional claims and his habeas corpus claim.