867 So.2d 743 (2003)
Billy SINCLAIR
v.
Richard STALDER, Secretary, Louisiana Department of Public Safety and Corrections
No. 2003 CW 1568.
Court of Appeal of Louisiana, First Circuit.
October 17, 2003.
Billy Sinclair, Angola, Applicant, In Proper Person.
William F. Kline, Jr., Baton Rouge, for Respondent Louisiana State Department of Public Safety and Corrections.
Before: WHIPPLE, KUHN, and McDONALD, JJ.
PER CURIAM.
Plaintiff, Billy Wayne Sinclair, files this application for supervisory writs, seeking review of the district court's February 13, 2003 judgment dismissing in part his petition for a writ of habeas corpus, wherein Sinclair sought review of the Louisiana Parole Board's decision denying him parole.
*744 Louisiana Revised Statutes 15:574.11 is a statutory grant of appellate jurisdiction to the Nineteenth Judicial District. Madison v. Ward, 2000-2842, p. 5, n. 7 (La.App. 1 Cir. 7/3/02); 825 So.2d 1245, 1250, n. 7 (en banc). This court has interpreted 15:574.11A as meaning there is no appeal of decisions of the board unless the procedural due process protections specifically afforded by the hearing provisions of 15:574.9 are violated. See id. Pleadings challenging actions of the parole board other than failure to act in accordance with 15:574.9 should be dismissed by the district court. Id. Louisiana Revised Statutes 15:574.9 deals with parole revocations, not with denials of release on parole. Therefore, there is no statutory basis for Sinclair to seek review of the parole board's decision denying him early release on parole.
A petition for a writ of habeas corpus is the proper mechanism for an inmate who claims his initially lawful custody became unlawful due to the parole board's actions in denying him release on parole. Sinclair v. Kennedy, 96-1510, p. 8 (La. App. 1 Cir. 9/19/97); 701 So.2d 457, 461, writ denied, 97-2495 (La.4/3/98); 717 So.2d 645. However, the fact that an action may be properly maintained as a petition for a writ of habeas corpus does not end the inquiry into whether a cause of action has been stated. Id.
The Supreme Court has held "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, a state's parole-determination2 provisions may create an expectation of parole entitled to some measure of constitutional protection. See id. 442 U.S. at 11-12, 99 S.Ct. 2100 (finding that the Nebraska parole statute created a protectable liberty interest in parole).
The Louisiana Supreme Court has concluded that Louisiana parole statutes do not create an expectancy of release or liberty interest. Bosworth v. Whitley, 627 So.2d 629, 633 (La.1993). The parole board has full discretion when passing on applications for early release. Id. Even if an inmate is fully rehabilitated and is clearly eligible for parole consideration, the Louisiana parole scheme does not require that he be paroled. See Sinclair, 701 So.2d at 462. The procedures used by the parole board in deciding whether an inmate should be released early "are beyond the scope of this court's review." See id.
The district court concluded that Sinclair's petition stated a cause of action in regard to "retaliation by parole board members in denying parole." With the exception of the retaliation claim, the district court concluded Sinclair's petition failed to state a cause of action. Although Sinclair has sought review of the district court's partial grant of the state's motion to dismiss, the state has not sought review of the district court's partial denial of its motion. However, an appellate court can raise the peremptory exception of no cause of action on its own motion. La.Code Civ. P. art. 927.
We conclude Sinclair's petition fails to state a cause of action entitling him to a writ of habeas corpus. Therefore, the district court's judgment is vacated, and it is ordered that Sinclair's suit be dismissed with prejudice at his cost.
WRIT DENIED WITH ORDER.