McDonald, J.
 

 _JjThe petitioner in this case, Earl Weaver, appeals a judgment of the Nineteenth Judicial District Court, dismissing his petition for mandamus, with prejudice, for failure to state a cause of action, which was noticed by the court on its own motion. For the following reasons, the judgment is affirmed.
 

 The basis of Weaver’s complaint is that he has been denied a hearing by the Louisiana Risk Review Panel authorized by La. R.S. 15:308, which provides:
 

 A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.
 

 (2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.
 

 B. In the interest of fairness of sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons
 
 *1016
 
 who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(l)(b)(ii) and (c)(ii), 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (P) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Art. 893(A) prior to June 15, 2001, provided that such application ameliorates the person’s circumstances.
 

 C. Such persons shall be entitled to apply to the Louisiana Risk Review Panel pursuant to R.S. 15:574.22.
 

 | oWeaver claims that he is in the class of persons that the law was enacted to protect. We recognize that Weaver was sentenced to life imprisonment as a habitual offender for a violation of the Louisiana Controlled Dangerous Substances Law, and that the penalty for the crime is now more lenient. As such, he is in the class of persons to which La. R.S. 15:308 and 15:574.22, Louisiana Risk Review Panel, were intended to apply. However, neither the vehicle he chose, petition for mandamus, nor the relief he requests, an order that the Risk Review Panel review his case, are legally available. Before going into reasons for this conclusion, some history of the Risk Review Panel system and the changes in the sentencing law are necessary to understand the nature of this mandamus request. We adopt the following from the Commissioner’s report adopted by the district court in this matter:
 

 In 2001, the Louisiana Legislature passed a single piece of legislation establishing the Risk Review Panel and also reducing numerous previously mandated criminal sentences. This was accomplished by Act 403, which became effective on June 15, 2001. Act 403 amended the penalty provisions of numerous criminal statutes, including the penalty provisions of R.S. 15:529.1 — the habitual offender statute — -for third and fourth felony offenders (such as the Petitioner in this case), wherein life sentences were mandated. At the same time, that Act also enacted La. Rev.Stat. 15:574.22, which
 
 created
 
 a Risk Review Panel and listed as its primary purpose to “evaluate the risk of danger” certain convicted individuals would pose to society if released from confinement and, in its discretion make recommendations to the Parole and Pardon Boards.
 
 [8]
 

 The Panel’s duty is limited in part to evaluating inmates who have
 
 not been convicted of a violent crime.
 

 [9]
 

 If a Panel determines that a person will not present a risk of danger to society if released from confinement, the Panel
 
 may make a non-binding recommendation
 
 that the person
 
 be considered
 
 for clemency by the Board of Pardons or considered for parole by the Board of Parole.
 
 [10]
 

 |4(This Court has no judicial oversight over the pre-release decisions of the Pa
 
 *1017
 
 role Board or the Pardon Board).
 
 [11]
 

 Subsequently, in 2006, the legislature enacted R.S. 15:308 which made the previous sentence reductions in Acts 403 and 45 of 2001 and 2002 respectively retroactively applicable to those inmates sentenced prior to 2001 — which includes the Petitioner. It also required that anyone whose sentence would have been ameliorated by the amended sentences
 
 could apply
 
 to the Risk Review Panel in accordance with R.S. 15:574.22. The Court notes that the statute also requires the Panel to consider any
 
 eligible
 
 inmates, such as the Petitioner herein, for
 
 possible
 
 recommended leniency.
 

 Initially, many inmates, lawyers, and some courts thought the procedure for ameliorative relief was available from the sentencing court, as well as the Risk Review Panel. However, in
 
 State v. Dick,
 
 06-2223, 06-2226 (La.1/26/07), 951 So.2d 124, 133 the supreme court reviewed the statute, affirmed this court’s decision, and found that the power to reduce punishment from a greater to a lesser sentence belongs to the executive branch alone. Offenders seeking retroactive application of the ameliorative penalty provisions must seek this relief in the executive branch; they are entitled to apply to the Louisiana Risk Review Panel, which is in the executive branch. “In enacting this statute, the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders’ applications to the Louisiana Risk Review Panel, the Board of Pardons and/or the Board of Parole.”
 
 State v. Dick,
 
 951 So.2d at 133.
 

 Weaver applied to the Risk Review Panel, and his application was denied based on “extensive criminal history.” He asserts that all persons sentenced under La. R.S. 15:529.1, the habitual offender law, have an “extensive criminal history,” and to deny his application for that reason is clearly contrary to the legislative intent in passing the act. Weaver offers | ¡¡additional arguments alleging violations of equal protection of the law and conflicts of law. After careful review of his submission to this court, it is not clear whether the relief he is seeking is a “hearing” by the Risk Review Panel or an order requiring the Risk Review Panel to make a recommendation of leniency to the Pardons or Parole Board. However, as both of those acts involve discretionary authority of the Panel, we are unable to reverse the district court and grant Weaver’s petition for mandamus.
 

 Mandamus is a summary proceeding, which is defined as a writ that may, among other things, be used to direct a public officer to perform ministerial duties required by law.
 
 Kyle v. La. Public Service Commission,
 
 03-0584 (La.App. 1 Cir. 4/2/04), 878 So.2d 650, 654. It is an extraordinary remedy, which must be used by the court sparingly. It never issues in doubtful cases, but only when a public official refuses to perform a duty the law clearly states he must perform.
 
 Id.
 

 The Risk Review Panel has reviewed Weaver’s application. This is the only duty that the law clearly states the Panel must perform. There is no legal authority for us to compel any other action by them. Therefore, the judgment dismissing the petition for mandamus with prejudice at petitioner’s costs is affirmed. Costs are assessed to Earl Weaver.
 

 AFFIRMED.
 

 [8]
 

 . In Section 6 of the Act, it originally specified that the provisions "shall only have prospective effect."
 

 [9]
 

 . See La. Rev.Stat. 15:574.22 G. While R.S. 15:574.22 prohibits the Risk Review Panel’s ability to review inmates with a certain criminal histories, the Petitioner herein does not appear to have any prohibiting crimes and thus, I refer to his restriction only for clarity and completeness.
 

 [10]
 

 .See
 
 La. Rev.Stat. 15:574.22 I.
 

 [11]
 

 .
 
 Sinclair v. Stalder,
 
 867 So.2d 743 (La.App. 1 Cir. 10/17/03); R.S. 15:574.11.