McClendon, j.
 

 |2The petitioner in this case, Thomas Normand, appeals a judgment of the Nineteenth Judicial District Court, dismissing his petition for mandamus and/or injunction, with prejudice, for failure to state a cause of action. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On November 19, 1997, Normand was convicted of a violation of LSA-R.S. 40:967(F)(l)(a), for possessing 28 grams or more of cocaine. Normand was adjudicated as a second offender under the provisions of the Habitual Offender Law and sentenced-to thirty-one years at hard labor.
 
 See
 
 LSA-R.S. 15:529.1. His predicate conviction was for the crime of aggravated battery in 1994.
 

 In 2001, the Legislature, pursuant to 2001 La. Acts 403, effective June 15, 2001, provided more lenient penalty provisions for certain enumerated crimes, including LSA-R.S. 40:967(F)(1).
 
 See
 
 LSA-R.S. 15:308. Section 2 of the Act also created the Louisiana Risk Review Panel (the Panel), whose statutory duty is to evaluate the risk of danger to society that each person convicted of a non-violent crime may present if released from confinement in a prison facility. LSA-R.S. 15:574.22(G). Although LSA-R.S. 15:574.22 applied prospectively when it was adopted, the Legislature later declared that the statute was to be applied retroactively and allowed persons “who committed crimes, who were convicted, or who were sentenced” under the stricter provisions prior to June 15, 2001, to apply to the Panel for review under the more lenient penalty provisions, provided that “such application ameliorates the person’s circumstances.”
 
 See
 
 LSA-R.S. 15:308(B), as added by 2006 La. Acts 45, § 1, effective May 16, 2006.
 

 On December 8, 2006, Normand submitted a risk review application to the Panel, noting that since his conviction the penalty provision under LSA-R.S. 40:967(F)(1) had become more lenient. On November 6, 2008, the application was “returned without action” because Normand had been “[cjonvicted of a crime of violence as defined or enumerated in [former] La. R.S. 14:2(13) [now 14:2(B) ].”
 

 |3On January 21, 2009, Normand sought administrative review through the Louisiana Department of Public Safety and Corrections (the Department). On March 23, 2009, Normand’s request was rejected by the Department, which indicated that the “risk review matter [is] not appealable through this process.”
 

 On April 23, 2009, Normand filed a “Petition for Writ of Mandamus and/or Injunction” in the 19th Judicial District
 
 *1047
 
 Court, praying that the court order the Department to evaluate whether Normand is entitled to risk review relief and to schedule him a risk review hearing. Commissioner John Smart, Jr. found that there was no authority for the court to review a recommendation of the Panel and that mandamus relief was not available to compel a response. As such, the Commissioner recommended that the court, on its own motion, raise and grant an exception of no cause of action.
 

 In accord with the Commissioner’s recommendation, the district court granted an exception of no cause of action and dismissed Normand’s suit. In so doing, the district court found that although LSA-R.S. 15:574.22 required the panel to evaluate certain offenders’ applications, the statute excluded Normand from seeking review because he had previously been convicted of a violent crime. Normand has appealed asserting that the district erred in denying him mandamus relief.
 
 [1]
 

 DISCUSSION
 

 We note that certain individuals are not eligible to seek review from the Panel. Louisiana . Revised Statutes 15:574.22(G), as rewritten by 2009 La. Acts 103, § 1 provides, in pertinent part:
 

 LThe panel shall evaluate the risk of danger to society which each person who has been convicted of a crime and who is confined in a prison facility of any kind, may present if released from confinement. However, the following persons shall not be eligible for review by the Risk Review Panel:
 

 [[Image here]]
 

 (4) A person sentenced as a habitual offender under R.S. 15:529.1 where one or more of the crimes for which the person was convicted and sentenced under R.S. 15:529.1 is a crime of violence defined or enumerated in R.S. 14:2(B). [Emphasis added.]
 

 Although the statute has been rewritten since the Panel considered Normand’s application, the substance of the provision at issue has remained the same.
 
 [2]
 
 Aggravated battery is enumerated as a crime of violence under LSA-R.S. 14:2(B)(5).
 

 
 *1048
 
 The Panel rejected Normand’s application because he had been “[cjonvicted of a crime of violence” as enumerated in LSA-R.S. 14:2(B).
 
 See
 
 LSA-R.S. 15:574.22(G)(4). Normand asserts that the Panel was required to consider his application rather than reject it because the exclusion found in (G)(4) only refers to crimes that are instant convictions and does not specifically address any past convictions. As such, Normand concludes that the district court should have issued a writ of mandamus to require the Panel to review the merits of his application.
 

 A plain reading of LSA-R.S. 15:574.22(G)(4) indicates that an application filed by a habitual offender who has been convicted and sentenced for a crime of violence cannot be considered by the Panel. The exception does not limit its application to the instant or current conviction, but rather applies it to all crimes that form the basis for the sentence under LSA-R.S. 15:529.1. Moreover, such interpretation is in accord with the Legislature’s intent, which seeks to have | ¿these retroactive ameliorative penalty provisions applied to inmates with non-violent criminal histories.
 

 Further, in the instant case, the Panel reviewed and subsequently rejected Normand’s application on the basis of LSA-R.S. 15:574.22(G). Accordingly, the Panel performed the only duty it was required to perform.
 
 See Weaver v. LeBlanc,
 
 09-0224, p. 3 (La.App. 1 Cir. 9/14/09), 22 So.3d 1014, 1017.
 
 [3]
 
 Moreover, Normand has not shown that the Department refused to perform a duty that was required by law. Therefore, the courts have no legal authority to compel the Panel or Department to perform any further action.
 

 For the foregoing reasons, we affirm the judgment of the district court dismissing Normand’s petition. Costs of this appeal are assessed to Thomas Normand.
 

 AFFIRMED.
 

 [1]
 

 .Specifically, Normand has assigned the following errors for review:
 

 1. The District Court erred in denying Plaintiff mandamus relief on the basis of “no cause of action” by finding and applying,
 
 sua sponte,
 
 the provisions of
 
 La. R.S. 15:574.22(G)(4)
 
 to disqualify Plaintiff’s application for risk review where the Panel had,
 
 albeit
 
 in error, applied
 
 La. R.S. 15:574.22(G)(1)[,]
 
 in violation of
 
 La. Const., 1974, Art II.
 

 2.
 
 The District Court’s conclusion that
 
 La. R.S. 15:574.22(G)(4)
 
 includes "any” crime of violence runs afoul of the legislative intent and amounts to “judicial legislation;” in violation of La.
 
 Const., 1974, Art. II.
 

 3. The District Court erred in interpreting that the only avenue for Plaintiff to seek benefit of the ameliorative sentencing changes enumerated in
 
 R.S. 15:308
 
 was to apply to the Risk Review Panel.
 

 4. The cumulative rationale supporting dismissing of Plaintiff’s suit operates as a denial of equal protection and due process of law.
 

 [2]
 

 . At the time the Panel reviewed Normand's application, LSA-R.S. 15:574.22(G) provided, in pertinent part:
 

 The panel shall have the duty to evaluate the risk of danger to society which each person who has been convicted of a crime not defined or enumerated as a crime of violence in R.S. 14:2(B), and who is confined in a prison facility of any kind, may present if released from confinement. However, the panel shall not evaluate the risk of danger to society presented by:
 

 [[Image here]]
 

 (3) A person sentenced as a habitual offender under R.S. 15:529.1 where one or more of the crimes for which the person was convicted and sentenced under R.S. 15:529.1 is a crime of violence defined or enumerated in R.S. 14:2(B).
 

 [3]
 

 . In
 
 Weaver,
 
 an inmate filed a petition in the district court seeking a writ of mandamus after a Risk Review Panel denied the inmate's application based on "extensive criminal history.” 09-0244 at p. 4, 22 So.3d at 1017. The district court dismissed the inmate's action for failure to state a cause of action. On appeal, this court noted that while it was unclear whether the inmate was seeking a hearing or an order requiring the Panel to make a recommendation of leniency to the Pardons or Parole Board, "both of those acts involve discretionary authority of the Panel.” 09-0244 at p. 5, 22 So.3d at 1017. This court noted that a writ of mandamus can only issue when a public official refuses to perform a duty the law clearly states he must perform.
 
 Id.
 
 Because the Panel had reviewed the inmate’s application, which is the only duty a Panel is required to perform, there was no legal authority for the court to compel any action against the Panel.
 
 Id. As
 
 such, this court affirmed the district court’s judgment dismissing the inmate's petition.