501 So.2d 260 (1986)
STATE ex rel. John BARTIE
v.
STATE of Louisiana, et al.
No. CW/86/0941.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
*261 John Bartie, in pro. per. Cynthia Eyre, Asst. Atty. Gen., for the State-appellee.
Before LANIER, CRAIN and ALFORD, JJ.
LANIER, Judge.
This is an application for a supervisory writ that was transferred to this court from the Louisiana Supreme Court. In it, the relator contests (1) the dismissal of an application for post-conviction relief filed in the Fourteenth Judicial District Court (JDC), (2) the denial by the Court of Appeal, Third Circuit, of a writ application objecting to the dismissal of the application for post-conviction relief by the Fourteenth JDC, and (3) the dismissal of cumulated actions of a civil suit for damages in tort and a criminal petition for habeas corpus by the Nineteenth JDC.

FACTS AND PROCEDURAL HISTORY
A chronological history of these actions is essential to comprehend and adjudicate the issues involved.
On January 14, 1980, John Bartie was charged in the Fourteenth JDC, Parish of Calcasieu, with committing an aggravated battery on Tyrone Lewis by shooting him with a revolver on December 3, 1979. On October 27, 1980, a judgment forfeiting Bartie's surety appearance bond was rendered, which judgment was read and signed on November 18, 1980. Also, at this time, a bench warrant was issued for Bartie's arrest.
On June 21, 1981, Bartie was arrested in Houston, Harris County, Texas, for aggravated robbery. On September 13, 1982, Bartie was returned to Calcasieu Parish from the Texas Department of Corrections (TDOC) to answer the pending aggravated battery charge. On September 24, 1982, Bartied pled guilty to aggravated battery and was sentenced to serve five years at hard labor in the custody of the Louisiana Department of Corrections (LDOC), which sentence was to run concurrently with the Texas sentence he was then serving.[1] On October 19, 1982, Bartie was returned to the TDOC to complete serving his Texas sentence.
On June 11, 1984, Bartie was paroled in Texas. Thereafter, he spent sixty days in a Texas halfway house. Although the LDOC records indicate Bartie's parole was transferred to LDOC on June 11, 1984, apparently Bartie did not return to Louisiana until on or about April 15, 1985. On May 23, 1985,[2] LDOC secured a warrant to *262 arrest Bartie so he could serve the balance of the time due on his Louisiana sentence. Bartie was arrested and taken back into custody that same day.
On or about July 11, 1985, Bartie mailed a pleading entitled application for post conviction relief to the Fourteenth JDC. On July 22, 1985, a judge of the Fourteenth JDC authorized Bartie to file the pleading and proceed in forma pauperis. In this pleading, Bartie contended he was being illegally detained because, among other things, he was not given credit for the time he spent in the Texas halfway house or the time he spent in Louisiana and Texas on parole. On July 23, 1985, the Fourteenth JDC rejected Bartie's claims with the following rationale:
John Bartie petitions the court for post-conviction relief. His claim is based upon a theory that he is illegally detained because he has not received a parole from the state of Louisiana. That is a matter for resolution by the Board of Pardons over which this court has no supervisory power or jurisdiction.
Petitioner complains also that the Department of Corrections refuses to grant credit for time he served on parole from the state of Texas. He is entitled to no such credit. His punishment was incarceration, with the sentence to be served concurrently with a sentence he was then serving in Texas. He has no right to complain that he was released by the state of Texas prior to having served enough time to have either completed serving his Louisiana sentence in accord with applicable Louisiana law or to have actually received a parole in this state. Neither of those matters have subject-matter jurisdiction in this court.
On August 8, 1985, Bartie sought a supervisory writ from the Third Circuit Court of Appeal contending the ruling of the Fourteenth JDC was erroneous. On October 14, 1985, the Third Circuit noted that there was no error in the trial court's ruling and denied the writ.
On July 23, 1985, Bartie filed a pleading in the Nineteenth JDC, Parish of East Baton Rouge, in which he asserted the same claims as those in the Fourteenth JDC pleading. Made defendants in this suit were LDOC, the Chairman of the Parole Board and James E. Morris, an Assistant Secretary of the LDOC who signed the affidavit for the warrant for Bartie's arrest in May of 1985. This pleading had no prayer for relief. At this time, Bartie was confined in the Dixon Correctional Institute at Jackson, East Feliciana Parish, Louisiana. Apparently, on August 1, 1985, Bartie filed an affidavit supporting his claim of being a pauper and a prayer for his petition. In the prayer, he asked for "an immediate order releasing him from further illegal restraint" and for $3,000,000 in damages. This matter went to trial summarily on August 28, 1985, as a hearing on a writ of habeas corpus before a commissioner. On September 23, 1985, the commissioner filed his report to the district court and recommended "that the claims of Mr. Bartie be denied, dismissing his suit with prejudice." The commissioner gave the following reasons for his recommendation:
Mr. Bartie claims he is entitled to credit for a sixty day period served in a half-way house in Texas following his parole of June 11, 1984. Mr. Bartie also claims credit for the time that he was on parole (on the streets) in Louisiana to May 23, 1985. The Department of Corrections for the State of Louisiana denies that Mr. Bartie is entitled to this credit. These matters are before the Court for determination of those issues.
Mr. Bartie does not cite any statutes or jurisprudence of the State of Louisiana which would require or authorize credit against a Louisiana sentence for the period served in a half-way house in Texas following parole, nor does he cite any such authority for credit against the Louisiana sentence for time spent "on the streets" while on parole from the Texas sentence. On the contrary, Louisiana statutes require that the term of parole shall be for the remainder of a prisoner's sentence, without any diminution of sentence for good behavior. (La.R.S. 15:574.6) In addition, if a prisoner is *263 revoked for violation of the conditions of parole, Louisiana statutes require that he be returned to the institution from which he was paroled and serve the remainder of his sentence as of the date of his release on parole. [La.R.S. 15:574.9 (E)] As Mr. Bartie has made no showing to this Court that the time which he spent in a Texas half-way house was credited toward his original Texas sentence, the State of Louisiana is under no obligation or requirement to give Mr. Bartie any credit for his parole spent in Texas or in Louisiana.
Additionally, Mr. Bartie claims that he should be free from restraints by the State of Louisiana since he is on parole from the State of Texas. For reasons that are obvious throughout the file, Mr. Bartie has not been paroled from the State of Louisiana. When paroled from Texas, he was returned to Louisiana at his request. Apparently a division of the Department of Corrections agreed to accept the supervision of the Texas parole. From the only information that is available, it appears that said agreement was made without recognition of the fact that Mr. Bartie was subject to imprisonment in Louisiana, although this is my conjecture. Upon his arrival in Louisiana, Mr. Bartie spent a substantial amount of time still paroled to the State of Louisiana. At some point after arrival in Louisiana, the Department of Corrections recognized that Mr. Bartie still owed the State of Louisiana some time on his original five-year sentence, and Mr. Bartie was arrested and placed in the custody of the Department of Corrections. Mr. Bartie contends that his Texas parole controls the Louisiana sentence.
Mr. Bartie is in error. He cites neither authority or [sic] jurisprudence to support his position, and I frankly know of none. Mr. Bartie's sentence to the Department of Corrections for the State of Louisiana was for a period of five years. That sentence must be satisfied, either by service in Texas or Louisiana, or parole by both states. The record will indicate that Mr. Bartie went before the Parole Board in the State of Louisiana after his re-arrest in 1985, but the Parole Board rejected his bid for parole.
On October 1, 1985, Bartie filed an objection to the commissioner's recommendation. On October 9, 1985, the district court judge rendered judgment "dismissing plaintiff's suit with prejudice."
On November 4, 1985, Bartie filed an application for remedial writs with the Louisiana Supreme Court contesting the rulings of the Court of Appeal, Third Circuit, the Fourteenth JDC and the Nineteenth JDC. On July 29, 1986, the Louisiana Supreme Court transferred this application to this court. State ex rel. Bartie v. State, 491 So.2d 1344 (La.1986). On August 14, 1986, this court transferred the portion of the application contesting the ruling of the Fourteenth JDC to the Third Circuit Court of Appeal for action because this court has no supervisory jurisdiction over rulings of the Fourteenth JDC. La.Const. of 1974, art. V, § 10(A).

WRIT OF HABEAS CORPUS

Nature of the Writ
Louisiana courts have constitutional authority to issue writs of habeas corpus. La.Const. of 1974, art. I, § 21 and art. V, § 2; State v. Terry, 458 So.2d 97 (La.1984). Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody. La.C.Cr.P. art. 351. Generally, habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction relief. La.C.Cr.P. art. 351. Essentially, habeas corpus deals with preconviction complaints concerning custody. Official Revision Comment (c), La.C.Cr.P. art. 351. An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. La.C. Cr.P. art. 924.
The instant case is one in which habeas corpus is applicable in a post-conviction *264 setting. Bartie does not contest the validity of his conviction or sentence; therefore, this is not a post-conviction relief proceeding. Instead, this case appears to be controlled by La.C.Cr.P. art. 362(2) which provides as follows:
If the person in custody is being held by virtue of a court order, relief shall be granted only on the following grounds:
* * * * * *
(2) The original custody was lawful, but by some act, omission, or event which has since occurred, the custody has become unlawful; ...
Bartie's Louisiana sentence has not been contested and, thus, his initial custody in Texas pursuant to this sentence was lawful. Bartie claims this initially lawful custody became unlawful because LDOC did not give him proper credit for the time he spent in the Texas halfway house and the time he spent on parole in Texas and Louisiana prior to May 23, 1985. Part of the relief prayed for is an immediate order releasing him from further illegal restraint.
Accordingly, we conclude Bartie has properly raised a criminal post-conviction habeas corpus claim.[3]

Venue for Post-Conviction

Habeas Corpus Involving LDOC
The proper venue for an application for a preconviction writ of habeas corpus is the parish in which the person is in custody. La.C.Cr.P. art. 352 and Official Revision Comment (b) thereunder. The proper venue for a post-conviction relief is the parish in which the person was convicted. La.C.Cr.P. art. 925. The instant proceeding (post-conviction habeas corpus) does not fit in either category. Further, La.R.S. 15:571.15 is a special venue statute pertaining to LDOC which provides as follows:
Venue in any action in which an individual committed to the Department of Corrections contests the computation of his sentence or sentences, discharge, parole, or good time dates shall be in the parish of East Baton Rouge.
[Emphasis added.]
La.R.S. 15:571.15 was enacted by Act 720 of 1979, effective July 20, 1979. The post-conviction relief procedure of La.C.Cr.P. art. 924 et seq. was added to the Code of Criminal Procedure by Act 429 of 1980, which was effective January 1, 1981. Section 5 of Act 429 provided as follows:
All laws or parts of laws in conflict herewith are hereby repealed; provided that nothing herein shall affect the provisions of R.S. 15:571.15.
This provision was discussed in the Official Revision Comment for La.C.Cr.P. art 925 as follows:
Section 5 of Acts 1980, No. 429 (enacting this Title) explicitly provides that the enactment of the new articles governing post conviction procedure are to have no effect on venue for suits by prisoners committed to the custody of the Department of Corrections contesting the computation of their sentence or their parole, discharge, or good time dates. Such suits must continue to be filed in the parish of East Baton Rouge pursuant to R.S. 15:572.15.

*265 Pre-conviction habeas corpus writs are filed in the parish where the accused is held in custody. See C.Cr.P. Art. 352.
Act 429 also amended La.C.Cr.P. art. 352 (venue for habeas corpus) and Official Revision Comment (b) thereunder. Prior to Act 429, La.C.Cr.P. art. 352 provided that the venue for post-conviction habeas corpus was the parish from which the person was sentenced, and the venue for preconviction habeas corpus was the parish in which the person was in custody. Act 429 amended Article 352 so it now provides that venue for habeas corpus proceedings is the parish in which the person is in custody. Official Revision Comment (b) was amended to now provide as follows:
Post conviction challenges are filed in the parish in which the petitioner was convicted, not the parish in which he is held in custody. See C.Cr.P. Art. 925. Pre-conviction writs of habeas corpus are filed in the parish in which the petitioner is in custody. The difference in venue is based on the assumption that witnesses in cases of pre-conviction habeas corpus would be most readily available in the parish where the petitioner is being held.
In C. Joseph, Developments in the Law, 1979-1980, Postconviction Procedure, 41 La.L.Rev. 625, 633 (1981), appears the following:
Because postconviction petitions challenge the proceedings leading to conviction, venue was logically retained in the parish wherein the conviction occurred.41 There the court most likely will find the record of the trial proceedings, the prosecutor, defense counsel, and other witnesses whose testimony might be relevant to factual issues.
The repealer clause of Act 429 of 1980 makes specific reference to a special venue provision for suits challenging the manner of computation of sentence.42 Such suits do not fall within the scope of postconviction relief, and venue for such actions lies in the 19th Judicial District Court for the Parish of East Baton Rouge. The 19th Judicial District Court has specially-appointed commissioners to handle such complaints.
41. LA.CODE CRIM.P. art. 925. Former LA. CODE CRIM.P. art. 352 contained a similar provision for postconviction habeas corpus.
42. See LA.R.S. 15:571.15 (Supp.1979).
La.R.S. 15:571.15 has been followed by the Louisiana Supreme Court. State ex rel. Walker v. Waldron, 475 So.2d 367 (La. 1985); State ex rel. Juluke v. State, 467 So.2d 1124 (La.1985); State ex rel. Morris v. Newell, 412 So.2d 75 (La.1982); State ex rel. Willis v. McGehee, 409 So.2d 619 (La. 1981).[4]
Accordingly, we conclude that a post-conviction habeas corpus making the necessary allegations (as contained in the instant case) qualifies as "any action" subject to the special venue requirements of La.R.S. 15:571.15 and venue is proper herein.

Appellate Review of Post-Conviction Habeas Corpus
A judgment refusing to grant release upon a petition for a writ of post-conviction habeas corpus is not appealable. La.C.Cr.P. art. 369. Such a judgment is subject to review under the supervisory jurisdiction of the court of appeal in the circuit in which the case arises. La.Const. of 1974, art. V, § 10(A).

Merits of Post-Conviction Habeas Corpus
After carefully reviewing the record and the law, we conclude the commissioner's *266 recommendations and reasons therefor and the trial court judgment are correct. We adopt these reasons as our own and deny relator's application for a supervisory writ.[5]

TORT CLAIM
In the Nineteenth JDC suit, Bartie cumulated a civil tort action with a criminal post-conviction habeas corpus. (The defendants did not object to this improper cumulation of actions.) The trial court judgment dismissed the entirety of Bartie's suit with prejudice. The dismissal of the civil tort claim with prejudice was a final appealable judgment. La.C.C.P. arts. 1841 and 2083. Bartie has not timely appealed that portion of the judgment, and it is now res judicata. This court has no appellate jurisdiction to review this claim at this time. La.C.C.P. art. 2088.[6]
Accordingly, we decline to consider the validity of the dismissal of the tort claim in a supervisory writ.

REVIEW OF WRIT DENIAL BY COURT OF APPEAL, THIRD CIRCUIT
In this application, Bartie contests the action of the Third Circuit in refusing to reverse the judgment of the Fourteenth JDC which refused to grant an application for post-conviction relief. This claim is included in the application transferred to us by the Louisiana Supreme Court. There is nothing in the record before us showing that the Louisiana Supreme Court acted on the merits of this claim. Since we clearly have no authority to review actions of the Third Circuit, we conclude this particular claim was inadvertently transferred to us.
Accordingly, we order this claim transferred back to the Louisiana Supreme Court.

DECREE
For the foregoing reasons, the application for a supervisory writ on the post-conviction habeas corpus judgment is denied; the application for a supervisory writ on the civil tort claim judgment is not considered; and the claim contesting the Third Circuit writ denial on the post-conviction relief application is ordered transferred to the Louisiana Supreme Court. Relator is cast for the cost of the tort claim writ application. La.C.C.P. art. 5188.
WRIT DENIED IN PART, NOT CONSIDERED IN PART AND TRANSFERRED IN PART.
NOTES
[1] The record does not reflect exactly of what Bartie was convicted in Texas or what sentence he was given.
[2] The LDOC records indicate Bartie became eligible for parole consideration on this date.
[3] Query: What would be the nature of the proceeding if Bartie had filed his suit contesting the LDOC calculation while he was being lawfully detained, e.g., under either his calculation or LDOC's calculation at the time suit was filed, correction of the alleged error will not effect an immediate release from custody? Such a proceeding would not be a post-conviction habeas corpus because the prisoner would not be unlawfully detained at that point in time. If the proceeding was not a post-conviction relief or habeas corpus, what other type of criminal proceeding could it be? If not a criminal proceeding, would it be a civil proceeding, such as a mandamus directed to a public officer to compel the performance of a ministerial duty required by law (make the proper calculations in accordance with law), La.C.C.P. art. 3861 et seq., or a suit for a declaratory judgment to get the proper construction of an applicable statute, La.C.C.P. art. 1871 et seq. Whether the action is civil or criminal determines what trial and appellate court procedures must be followed.

Additional query: Suppose a juvenile in the custody of LDOC filed a post-conviction (adjudication) application for habeas corpus, what would be the proper venue and/or procedure?
[4] This opinion does not purport to address the issue of the proper venue for a post-conviction habeas corpus where the person having custody of the prisoner is not the LDOC and La.R.S. 15:571.15 is not controlling (for example, the prisoner is in custody of a city jailer or the parish sheriff). Because we have determined that the post-conviction habeas corpus herein is a criminal proceeding, it is unnecessary to determine whether La.R.S. 15:571.15, which is located in Title 15 entitled Criminal Procedure, is applicable to control venue in a civil tort action, declaratory judgment or mandamus. Nor do we address the issue of proper venue for a post-conviction habeas corpus petition not based upon an alleged error in the time computation of sentence by the LDOC.
[5] The records herein indicate that LDOC calculated Bartie's good time release date as September 8, 1986. If Bartie were released on this date, his habeas corpus claim would now be moot.
[6] Under our holding on the habeas corpus, Bartie could not prevail on the tort claim. Cf. Vincent v. State, Department of Corrections, 468 So.2d 1329 (La.App. 1st Cir.1985), writ denied, 472 So.2d 34 (La.1985).