640 So.2d 259 (1993)
STATE of Louisiana, ex rel. Terry L. JAMES
v.
STATE of Louisiana.
No. 93 KW 0242.
Court of Appeal of Louisiana, First Circuit.
March 15, 1993.
Terry James, in pro. per.
Office of the Dist. Atty., St. Francisville, for respondent.
Before GONZALES, WATKINS and CRAIN, JJ.
WRIT DENIED: The trial court properly concluded that relator's claims do not properly seek habeas relief. Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody. La.C.Cr.P. art. 351. Generally, habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction relief. La.C.Cr.P. art. 351. Essentially, habeas corpus deals with preconviction complaints concerning custody. Official Revision Comment (c), La. C.Cr.P. art. 351. An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. La.C.Cr.P. art. 924. See State ex rel. Bartie v. State, 501 So.2d 260 (La.App. 1st. Cir. 1986).
Relator contends he is eligible for habeas relief because he is no longer entitled to post conviction relief. However, habeas corpus and post conviction complaints are fundamentally different. Although some post conviction complaints may actually seek habeas relief, relator's claim is based on an allegation that his custody is unlawful because his conviction is invalid. He cannot claim that the order for his custody is illegal for this reason; and, therefore, his complaint is not in the nature of habeas corpus. Relator's claims are in the nature of post conviction relief, and his petition for habeas corpus was properly denied.