JaSHORTESS, Judge.
Richard B. Lay, acting pro se, filed an action in West Feliciana Parish, where he is incarcerated, styled “Application for a Writ of Habeas Corpus.” Lay named as defendants Burl Cain, the warden of the Louisiana State Penitentiary at Angola; Richard Stabler, the secretary of the Louisiana Department of Public Safety & Corrections (DPSC); Ronald Bonvillian, the chairman of the Louisiana Board of Parole, and Patrick Canulette, Sheriff of St. Tammany Parish. Before any of the defendants answered the suit or otherwise appeared, the trial court concluded it was not a court of proper venue and dismissed the suit sua sponte. Lay appeals.
Our initial inquiry in this matter must be the true nature of Lay's suit. Although Lay has at least five other appeals pending with this court and has filed at least thirteen writs with us in the past year, for purposes of this appeal we can consider only what the trial court had before it, i.e., Lay’s pleadings and attachments. From those documents we glean the following facts.
While on parole, Lay was charged with distribution of cocaine within 1,000 feet of a school, Louisiana Revised Statutes 40:967(A)(1) and 40:981.3, a felony, in St. Tammany Parish. He was placed on parole detainer pursuant to Revised Statute 15:574.8(B). On January 22, 1993, he entered into an agreement with his probation and parole specialist whereby he deferred the preliminary and final parole revocation hearings to which he was entitled under Revised Statutes 15:574.8(B) and 15:574.9(A). In doing so, he signed a document which read in pertinent part:
I hereby defer my preliminary hearing and agree to remain in custody (jail) until the felony charge(s) pending against me are disposed of. I further agree to postpone my final parole revocation hearing before the Parole Board until the felony charge(s) pending against me are disposed of.
Lay was convicted of the crime charged and was sentenced on November 28, 1995, to five years at hard labor with the DPSC. He appealed to this court. While that appeal was pending, on February 12, 1996, DPSC employees transferred Lay from the St. Tammany Parish jail to Hunt Correctional *137 Center. Two weeks later he was transferred to the Louisiana State Penitentiary at Angola.
|3Lay then filed this suit. He alleges that for three primary reasons his transfer to Angola from the St. Tammany Parish jail was “illegal, null and void”: (1) the agreement he signed deferring the parole revocation hearings entitled him to remain in the St. Tammany Parish jail until his conviction was final under Louisiana Code of Criminal Procedure article 922; (2) Canulette and DPSC failed to comply with the requirements of Revised Statute 15:566(B); and (3) the transfer was retaliation for the multitudinous lawsuits he has filed. He seeks the following relief:
1. Declare the contract of Jan 22, 1993 valid and enforceable and order my immediate return to the custody of Sheriff Patrick Canulette pending final disposition of the felony charges in # 215530-C as provided by LSA. R.S. 15:566 B(5); LSA. R.S. 15:824 B(l). See State Ex Rel. Matthews v. Henderson, Fla.1974, 292 So.2d 496.
2. Declare said transfer of Feb. 12, 1996 by WCI employees to Hunts and now L.S.P. in Angola in violation of the contract of Jan. 22,1993 and LSA. R.S. 15:566 B(4) and enjoin the same.
The trial court obviously found that Lay’s suit was not a true habeas corpus proceeding. The court stated in its judgment:
If Mr. Lay contests his revocation, which he apparently does, venue lies in East Baton Rouge Parish.
If Mr. Lay contestfs] his new conviction in St. Tammany Parish, venue lies in that jurisdiction.
In all fairness to the trial court, we realize that analyzing pro se pleadings is sometimes as easy as catching a greased snake with your bare hands. We are also aware that a pleading’s nature is determined by its substance and not its caption.[1] We agree with the trial court that if Lay were contesting his conviction, this would be an application for posteonvietion relief, and venue would lie in St. Tammany Parish under Code of Criminal Procedure article 925. After reviewing Lay’s pleadings, however, we are convinced this is not an application for posteonvietion relief. While criminal habeas corpus proceedings generally deal with pre-conviction complaints concerning custody,[2] this case is an exception to the [4rule. This suit is not an application for posteonvietion relief because Lay does not seek to have his conviction and sentence set aside. La. C.Cr.P. art. 924.
We are also not convinced the purpose of this suit is to contest the revocation of Lay’s parole. Venue in any action in which an individual committed to DPSC contests the actions of the Board of Parole is East Baton Rouge Parish. La. R.S. 15:571.15 and 15:574.2(B)(2). This includes all actions contesting the computation of sentences, discharge, and good time dates. Venue for suits which fall under these statutes is East Baton Rouge Parish even if they are captioned as writs of habeas corpus.
On the face of this record, Lay does not contest any action of the Board of Parole. Instead, he contends that DPSC illegally transferred him to Angola in contravention of his agreement with the Board of Parole, that the sheriff and DPSC failed to comply with the statute governing incarceration during the pendency of an appeal, and that his transfer was a retaliatory action.
“Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.” La.C.Cr.P. art. 351.[3] Custody means “detention or confinement as a result of ... an instituted or anticipated criminal proceeding.” Id. Lay is asking DPSC to state its authority for its custody over him. Based on the record before us and the particular circumstances of *138 this case, we must conclude this action was a trae application for a writ of habeas corpus.
This court has no appellate jurisdiction over a judgment refusing to grant a release upon a petition for a writ of habeas corpus. La.C.Cr.P. art. 369. Since we have the record before us, however, we shall treat this matter as a timely application for the exercise of our supervisory jurisdiction and decide the preliminary issue of venue.[4]
Venue for a habeas corpus proceeding by a person in custody is the parish where the person is in custody. La.C.CrJP. art. 352. Because Lay is in custody in|5West Feliciana Parish, that parish is a proper venue for this habeas corpus proceeding. Thus, the trial court erred in dismissing Lay’s suit. We must vacate and set aside the judgment of the trial court and remand this action for further proceedings.
WRIT GRANTED; TRIAL COURT JUDGMENT VACATED AND SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
PARRO, J., concurs with the result. It is my opinion that the trial court does not have authority to raise the declinatory exception of improper venue on its own motion.

.La. C.C. P. art. 865; Revere v. Reed, 95-1913, p. 2 n. 1 (La.App. 1st Cir. 5/10/96), 675 So.2d 292, 297 n. 1; Fussell v. Reed, 95-0398, p. 2 n 1 (La.App. 1st Cir. 11/9/95), 664 So.2d 1214, 1215 n. 1.

. Official Revision Comment (c) to C.Cr.P. art. 351; State ex rel. James v. State, 640 So.2d 259 (La.App. 1st Cir.1993); State ex rel. Bartie v. State, 501 So.2d 260, 263 (La.App. 1st Cir.1986).

. See also La. C.C.P. art. 3821.

. State ex rel. Smith v. Henderson, 315 So.2d 275 (La.1975).