995 So.2d 66 (2008)
Greg STEVENS, Applicant
v.
Richard L. STALDER, Secretary of Louisiana Dept. of Corrections, and Chad Lee, Warden of Franklin Parish Detention Center, Respondent.
No. 44,120-CW.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*67 Louis G. Scott, for Applicant.
Terry A. Doughty, for Assistant District Attorney Respondent.
Before STEWART, PEATROSS and DREW, JJ.
WRIT DENIED.
Applicant, Greg Stevens, seeks review of a trial court judgment rejecting applicant's petition for a writ of habeas corpus filed as a civil matter. The trial court concluded that the matter was criminal in nature and should have been filed as an application for post-conviction relief; the court also noted, but did not hold, that the claim appeared untimely as a request for post-conviction relief.
Applicant claims that his guilty plea to second degree kidnaping in October 2001 was involuntary. He acknowledges that it is "very clear" that he is no longer entitled to post-conviction relief, but alleges that habeas corpus is a hybrid of civil and criminal law, and he asserts that there is no bar to a person filing a civil writ application to test the validity of his imprisonment. For the following reasons, applicant's assertion is incorrect.
The Preliminary Statement to Title IX of the Code of Criminal Procedure notes that when habeas corpus was considered in connection with the revision of the Code of Practice, a special committee was appointed to determine whether habeas corpus proceedings should be included in the Code of Civil Procedure; the committee observed in part that the Code of Civil Procedure articles were drafted with a view that they would apply only to habeas corpus in the purely civil sense (custody of children and civil commitment), and that articles in the Code of Criminal Procedure would regulate the use of the writ where the applicant is confined as the result of a criminal proceeding against him. The Preliminary Statement also notes that in the introduction to Book VII, Title III, Extraordinary Remedies, the Code of Civil Procedure contains a statement that "R.S. 15:113 through 15:141 which govern the issuance of habeas corpus in criminal matters are not affected by the provisions of this Title."
The provisions of La. C. Cr. P. art. 351 state that habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody, that "custody" means detention and confinement as a result of or incidental to an instituted or anticipated criminal proceeding, and that the Code of Criminal Procedure provisions on habeas corpus are not available for post-conviction relief. The Official Revision Comment states in part that if a person is held in custody, and the custody is not related to an existing or anticipated criminal proceeding, the provisions of the Code of Civil Procedure govern the issuance of the writ. The Comment also states that habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction relief, and that habeas corpus essentially deals with preconviction complaints concerning custody.
The jurisprudence reflects these principles. In State ex rel. James v. State, 640 So.2d 259 (La.App. 1st Cir.1993), the appellate court denied a writ where the trial court had concluded that relator's claims did not properly seek habeas relief. Citing Article 351 and its Comment, the appellate court stated that habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody, that habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction *68 relief, and that habeas corpus essentially deals with preconviction complaints concerning custody; in contrast, the appellate court stated that an application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. The court then stated:
Relator contends he is eligible for habeas relief because he is no longer entitled to post conviction relief. However, habeas corpus and post conviction complaints are fundamentally different. Although some post conviction complaints may actually seek habeas relief, relator's claim is based on an allegation that his custody is unlawful because his conviction is invalid. He cannot claim that the order for his custody is illegal for this reason; and, therefore, his complaint is not in the nature of habeas corpus. Relator's claims are in the nature of post conviction relief, and his petition for habeas corpus was properly denied.
See also Madison v. Ward, 00-2842 (La. App. 1st Cir.7/3/02), 825 So.2d 1245.
In the instant case, the applicant's claim is based on the allegation that his conviction is invalid because his guilty plea was not free and voluntary. Plainly, his custody is related to a criminal proceeding and is not governed by the Code of Civil Procedure. Equally plain is that this is a post-conviction matter rather than a preconviction matter and, thus, is not a matter for a writ of habeas corpus, but for an application for post-conviction relief. As for applicant's point that he is no longer entitled to seek post-conviction relief, that same point was addressed in James, supra, and correctly rejected. The untimeliness of an application for post-conviction relief does not either change the nature of the remedy sought or convert this criminal matter to a civil matter.
For the foregoing reasons, the trial court correctly rejected applicant's request for habeas corpus; accordingly, this writ application is hereby denied.