NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-1318

STATE OF LOUISIANA

VERSUS

MICHAEL DENNIS GRANT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 102468
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JUDGE SHANNON G. GREMILLION

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Michael Harson
District Attorney
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Carey J. Ellis, III
P.O. Box 719
Rayville, LA 71269-0719
COUNSEL FOR APPELLANT:
        Michael Dennis Grant

**Gremillion, Judge.**

On April 19, 2004, Defendant-Appellant, Michael Dennis Grant, entered a plea of guilty to four counts of forgery and was sentenced to five (5) years at hard labor. On the same date, at a habitual offender hearing, Defendant-Appellant entered a plea of guilty to the habitual offender charge and was sentenced to twenty (20) years at hard labor, without the benefit of probation, parole, or suspension of sentence.

Defendant-Appellant filed a "MOTION TO VACATE HABITUAL OFFENDER SENTENCE" alleging defects in the 2004 habitual offender proceedings with the trial court on April 15, 2013. The trial court denied Defendant-Appellant's "MOTION TO VACATE HABITUAL OFFENDER SENTENCE" on April 23, 2013. Defendant-Appellant filed a "WRIT OF HABEAS CORPUS," which contained the same allegations made in the motion to vacate, with the trial court on June 21, 2013. On August 29, 2013, at the hearing on the writ of habeas corpus, the trial court denied Defendant-Appellant's writ of habeas corpus.

On August 29, 2013, Defendant-Appellant filed a "MOTION FOR APPEAL AND DESIGNATION OF RECORD" with the trial court. On September 9, 2013, the trial court granted Defendant-Appellant's motion.

On November 19, 2013, this court lodged the appeal record. On December 2, 2013, this court issued a rule to show cause why this matter should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912.

Defendant-Appellant filed a response on December 26, 2013, asserting that the appeal should not be dismissed. Defendant-Appellant alleges, "The rights to be given to a defendant in connection with a habitual offender proceeding were not

given to Mr. Grant in this case. The trial Court only inquired of Mr. Grant if his attorney had explained the penalty under the habitual offender sentencing and if he understood the plea arrangement." Defendant-Appellant asserts that "[w]hen the guilt of the defendant is proven by his own stipulation or admission to the habitual offender bill of information, without having been informed of his right to a hearing or his right to remain silent by either the trial court of his attorney, this is reversible error." *State v. Goosby*, 47,772 (La.App. 2 Cir. 03/06/13), 111 So.3d 494.

Although Defendant-Appellant's pleading is entitled writ of habeas corpus, "In the criminal context, habeas corpus usually applies to pre-conviction complaints concerning custody and is not the proper procedural device for petitioners who may file applications for post-conviction relief." *Madison v. Ward*, 00-2842, p. 5 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1250, *superseded by statute on other grounds*, 2005 La. Acts, No. 460, § 1. "[A] pleading's nature is determined by its substance and not its caption." *State ex rel. Lay v. Cain*, 96-1247, p. 3 (La.App. 1 Cir. 2/14/97), 691 So.2d 135, 137. Defendant-Appellant's pleading attacks his habitual offender proceedings. A defendant may file a direct appeal of a habitual offender adjudication within the time delay provided in La.Code Crim.P. art. 914. However, Defendant-Appellant did not timely file a direct appeal from his habitual offender adjudication. Defendant-Appellant could have sought reinstatement of his right to appeal or an out-of-time appeal through an application for post-conviction relief; however, such request must be filed within two years of the conviction and sentence becoming final. La.Code Crim.P. art. 930.8. Defendant-Appellant pled guilty in 2004, and his pleading was filed in June, 2013, well beyond the time limitation provided in art. 930.8. Therefore, even if Defendant-Appellant's writ of habeas corpus was construed as a request for an out-of-time appeal, it was untimely filed.

2

A judgment denying a writ of habeas corpus or application for post-conviction relief is not an appealable judgment. La.Code Crim.P. arts. 369, 912, and 930.6.

**APPEAL DISMISSED.**

3