GARRETT, J.
hThe plaintiff, Freddie Ray Lewis, appeals from a trial court judgment granting an exception of prescription and dismissing his claims against the defendants, Richland Parish, the Richland Parish Detention Center (“RPDC”), and various officials and law enforcement officers associated with the RPDC. For the following reasons, we affirm the trial court judgment.
FACTS
Lewis filed the present lawsuit basically claiming his incarceration was illegal and seeking damages. The circumstances leading to his arrest, conviction, and incarceration began in 2005. On four occasions between October 1, 2005, and November 18, 2005, Lewis sold crack cocaine to an undercover agent with the Bossier City Police Department. On January 12, 2006, Lewis was charged by bill of information with four counts of distribution of cocaine. He was tried by a jury and convicted, as charged, on all counts. On November 27, 2007, the trial court sentenced Lewis to serve 20 years at hard labor on all four counts, to be served concurrently, with two years to be served without benefit of parole, probation, or suspension of sentence. On appeal, this court affirmed his convictions and sentences in State v. Lewis, 43, 769 (La.App. 2d Cir. 12/10/08), 1 So.3d 665, writs denied, 2009-1027 (La. 1/29/10), 25 So.3d 827, and 2009-1223 (La. 1/29/10), 25 So.3d 832.
Following his convictions and sentences, Lewis was transferred from the Bossier Parish Maximum Security facility to the RPDC and then to a facility in Vernon Parish. On June 26, 2012, Lewis, proceeding in forma pauperis, filed the present action entitled “ ‘Pro Se’ Civil Action Lawsuit, ^¡asking for “punitive, compensatory, and nominal” damages arising from a criminal conspiracy to commit “aggravated kidnapping at gunpoint” and “false imprisonment at gunpoint.” Lewis claimed that, because he was charged by bill of information and not a grand jury indictment, his convictions and sentences were illegal. He contended he was never properly admitted to the custody of the Department of Corrections (“DOC”), and his transfer to the various facilities was illegal. He claimed a criminal conspiracy between officials in Bossier, Richland and Vernon Parishes to move him between various detention facilities without legal authority. As defendants, Lewis named Richland Parish, the Rich-land Parish Sheriffs Department, Sheriff Charles M. McDonald, the Richland Parish Detention Center, Warden Major Stokes, Assistant Warden Lt. Scott, and the RPDC administrative staff. He alleged the dates he was in Richland Parish were from January 15, 2008, to April 27, 2008. Claiming damages in the amount of $5-15 million, he tendered a settlement offer of $7.5 million.
Lewis also made the following statement in his petition:
The pro se plaintiff/Litigant, Freddie R. Lewis, 395306, avers that the “Illegality of Custody” by Richland Parish, et al; has been fully litigated in the Nineteenth Judicial District Court, which verified that the pro se plaintiff/Litigant, was not “Admitted” to the Louisiana State Department of Public Safety and Corrections, after Sentencing November 27, 2007 [Louisiana State Law Annotated Revised Statue (sic) 15:566(0 1 and all subsequent custody and Transport/Transfer of said custody, thereafter was/is “Illegal”.
This is patently false. On September 30, 2011, Lewis filed a petition requesting a *1188 writ of habeas corpus in the Nineteenth Judicial District Court, against the DOC and others, raising the same arguments made in the present suit. He claimed he was never delivered into DOC custody because the department never got the proper commitment papers required by La. |SC. Cr. P. art. 892. He argued the deficiency was that he was charged by bill of information and not by grand jury indictment. Lewis claimed there was no legal authority for his custody and that his master records with the DOC had been falsified.
A commissioner with the district court filed a written report recommending that the request be dismissed as lacking merit. The report noted that any failure of the sheriffs office to provide proper documentation did not affect the validity of Lewis’s sentences to custody under La. C. Cr. P. art. 892(D), and that Lewis failed to establish falsification of any records. The district court dismissed the request for habe-as relief with prejudice. Lewis appealed, and the first circuit affirmed the district court judgment, noting that a bill of information was sufficient to charge Lewis; a grand jury indictment was not necessary. See Lewis v. Secretary, La. State Dep’t of Pub. Safety & Corr., 2012-1890 (La.App. 1st Cir. 6/7/13), 2013 WL 2488464, writ denied, 2013-2350 (La. 5/14/14), 139 So.3d 1017.
In July 2012, the defendants in the present case filed an answer asserting numerous affirmative defenses.[1] Among these was that the action was time-barred by the applicable statute of limitations. Almost four years later, in January 2016, the defendants filed an exception of prescription. They maintained that Lewis’s complaints sounded in tort. They argued that, at most, Lewis had two years from the date he was last incarcerated in Richland Parish to file this suit. Since the suit was not filed until June 26, 2012, it was untimely.
|4Lewis was present at the hearing on the exception and represented himself. The trial court noted that Lewis was no longer in DOC custody. Lewis exhibited a total lack of understanding of the proceedings, insisting that his claim was a writ of habeas corpus and not a tort suit.[2] When faced with the argument that his civil tort claim was barred by a two-year prescriptive period, Lewis argued that the prescriptive periods for instituting criminal prosecutions for aggravated kidnapping and false imprisonment were applicable. The trial court again instructed Lewis that this was a civil proceeding. The following exchange occurred:
MR. LEWIS: So there’s—so you can’t combine the civil action in a criminal action?
COURT: No sir. No sir.
MR. LEWIS: Under Black’s Law ...
COURT: One’s an apple and the other’s an orange.
MR. LEWIS: Okay under Black’s Law it says that’s a civilization.
COURT: This is not a Black’s Law state, this is a civil law state.
MR. LEWIS: Oh.
After hearing the arguments presented by the parties, a judgment was entered that day, granting the exception and dis *1189 missing Lewis’s claims with prejudice at his cost.
|ROn appeal, Lewis argues that the trial court erred in finding that his claim is a tort suit for monetary damages instead of a writ of habeas corpus. Lewis maintains that the defendants failed to show that he sought compensatory damages and insists that a habeas suit does not involve such a claim. Regarding the applicable prescriptive period, Lewis argues that the time limits for institution of prosecution for kidnapping and false imprisonment should apply. All of his claims are without merit.
DISCUSSION
Decision of the proper prescriptive period in this matter first requires a determination of the nature of the suit. Lewis insists that he has filed a writ of habeas corpus and not a tort suit, as maintained by the defendants. As stated in State ex rel. Lay v. Cain, 96-1247 (La.App. 1st Cir. 2/14/97), 691 So.2d 135, “analyzing pro se pleadings is sometimes as easy as catching a greased snake with your bare hands. We are also aware that a pleading’s nature is determined by its substance and not its caption.”
While Lewis styled his pleading a “ ‘Pro Se’ Civil Action Lawsuit,” he also included, in the title of the suit, references to the provisions regarding criminal habeas corpus and requested that the defendants be criminally prosecuted for what he termed “aggravated kidnapping at gunpoint” and “false imprisonment at gunpoint.” Our analysis of the pleading shows that this was not a proper request for a criminal writ of habeas corpus.
Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody. “Custody” means detention or confinement as a result of or incidental to an instituted or anticipated criminal proceeding. The provisions ^regarding a criminal habeas corpus are not available to persons entitled to file an application for post-conviction relief. La. C. Cr. P. art. 351.
Generally, habeas corpus deals with pre-conviction complaints concerning custody, and is not the proper procedural device for post-conviction relief. La. C. Cr. P. art. 351 and Official Revision Comment (c). It is not available to contest the validity of the conviction or to have the sentence set aside; such claims are considered requests for post-conviction relief. Sinclair v. Kennedy, 96-1510 (La.App. 1st Cir. 9/19/97), 701 So.2d 457, writ denied, 1997-2495 (La. 4/3/98), 717 So.2d 645.
If the person in custody is being held by virtue of a court order, he shall have the burden of proving the illegality of the custody and that he is entitled to be released. La. C. Cr. P. art. 365. There shall be no appeal from a judgment granting or refusing to grant release upon a petition for a writ of habeas corpus. La. C. Cr. P. art. 369.
When Lewis filed the present suit, he was no longer in the custody of the RPDC. When he appeared for the hearing in this matter, he was no longer in DOC custody at all. He did not have a valid pre-conviction complaint and, under the facts presented here, he was not entitled to use a writ of habeas corpus to attack his convictions and sentences. -
The record shows that Lewis was validly charged, convicted, and sentenced for four counts of distribution of cocaine. His convictions and sentences were reviewed and affirmed by this court, and his writ applications were denied by the Louisiana Supreme Court. Lewis’s argument is unfounded that, because he was charged by a bill of information and not by a grand jury indictment,- he was not validly charged with four counts of distribution of cocaine.
[7A prosecution for an offense punishable by death, or an offense punishable by *1190 life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a criminal court shall be instituted by an indictment or by information. La. C. Cr. P. art. 382. Distribution of cocaine, under La. R.S. 40:967, is not punishable by death or life imprisonment and, therefore, may be instituted by a bill of information. Further, the word “indictment” includes affidavit and information, unless it is the clear intent to restrict that word to the finding of a grand jury. See La. C. Cr. P. art. 461. Accordingly, the reference in La. C. Cr. P. art. 892 to an indictment in the list of items to be sent with a convicted defendant transferred to a penal institution includes bills of information where appropriate. As found by the first circuit in Lewis v. Secretary, La. State Dep’t of Pub. Safety & Corr., supra, Lewis’s argument that his commitment was defective because his prosecution was instituted by a bill of information, rather than a grand jury indictment, is erroneous.
Lewis also seems to request that the defendants be criminally prosecuted for crimes arising from what he terms an illegal detention. As noted by the trial court in this matter, Lewis was not a proper party to institute criminal proceedings. A criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law. The person injured by the commission of an offense is not a party to the criminal prosecution and his rights are not affected thereby. La. C. Cr. P. art. 381. In addition, Lewis’s detention was not illegal and no offenses or delictual wrongs were committed against him. Therefore, Lewis’s argument is | ^erroneous that the time limits for the institution of criminal proceedings applied to this matter.
As argued by the defendants, the only logical interpretation is that Lewis has filed a civil lawsuit alleging tort liability on the part of the defendants. Lewis clearly requested “punitive, compensatory, and nominal” damages in the amount of several million dollars. The trial court correctly found that this was a tort suit and not a request for a criminal writ of habeas corpus. The court also correctly found that the claim had prescribed.
Prescription is a peremptory exception under La. C.C.P. art. 927. On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.
Most delictual actions are covered by the one-year prescriptive period in La. C.C. art. 3492, which provides in relevant part:
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained.
However, La. C.C. art. 3493.10 provides: Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1960, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.
According to La. R.S. 14:2(B)(15), aggravated kidnapping is a crime of violence.
Under the most generous interpretation, the longest prescriptive period that could possibly apply to Lewis’s claim is two years. As alleged in | phis petition, he was last in the custody of the RPDC on April 27, 2008. Lewis did not file this suit until June 2012. His claim has clearly prescribed on its face. No evidence was presented to the contrary. The trial court did *1191 not err in granting the exception and dismissing the claim with prejudice.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment finding that the claims of the plaintiff, Freddie Ray Lewis, against the defendants, Richland Parish, the Richland Parish Sheriffs Department, Sheriff Charles M. McDonald, the Rich-land Parish Detention Center, Warden Major Stokes, Assistant Warden Lt. Scott, Billy J. White and Anne Jones, have prescribed, and dismissing those claims with prejudice. Costs in this court are assessed against Freddie Ray Lewis.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, LOLLEY, GARRETT and STONE, JJ.
Rehearing denied.
WILLIAMS, J., would not consider.

. Included as defendants in the answer are Billy J. White and Anne Jones, who are apparently RPDC administrative officials.

. We cannot help but note that Lewis is not a stranger to the legal system. He has filed numerous suits in both state and federal court, none of which have been successful. See e.g. Lewis v. LeBlanc, No. 5:15CV-1083 (W.D. La. Aug. 10, 2015), 2015 WL 4758761; Lewis v. Corrections. Corp of Am., No. 1:13CV2258 (W.D. La. Aug. 21, 2013), 2013 WL 12084401; Lewis v. Wilkinson, 2010-0771 (La.App. 1st Cir. 12/22/10), 2010 WL 5479688; Lewis v. Sheriff's Dep’t Bossier Par. (5th Cir. 2010), 396 Fed.Appx. 102, 2010 WL 3824515.