Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,914-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KEVIN BYRD                                        Plaintiff-Appellant

versus

BOSSIER PARISH SHERIFF, CITY          Defendants-Appellees
OF BOSSIER CITY, DEPUTY SCOTT
NELSON, DEPUTY H. BALKOM,
OFFICER M. HANNAH, and
OFFICER K. HARDIN

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 165,790

Honorable Robert Lane Pittard, Judge

* * * * *

NELSON W. CAMERON                        Counsel for Appellant


LANGLEY & PARKS, LLC                    Counsel for Appellees,
By: Glenn Louis Langley                     Bossier Parish Sheriff's
                                                            Office, Deputy Scott
                                                            Nelson, and Deputy
                                                            Michael Balkom


WEINER, WEISS & MADISON, APC       Counsel for Appellees,
By: Reid Allen Jones                          City of Bossier City,
      Layne Andrew Clark, Jr.               Officer Matthew Hannah,
                                                            and Officer Keith Hardin


* * * * *

Before ROBINSON, MARCOTTE, and ELLENDER, JJ.

**ROBINSON, J.**

Kevin Byrd appeals two judgments sustaining exceptions of prescription and dismissing his lawsuit for shoulder injuries that he allegedly sustained during his arrest. For the following reasons, we affirm the judgments.

## FACTS

Byrd was arrested in Bossier City on August 29, 2019, for drug offenses. He was charged by bill of information with possession with intent to distribute methamphetamine, resisting an officer with force or violence, and possession of drug paraphernalia-first offense.

On April 19, 2021, Byrd pled guilty to possession with intent to distribute methamphetamine. He was sentenced to 18 months' imprisonment. His remaining charges were nol-prossed.

On October 1, 2020, Byrd filed suit in federal court against the Bossier Parish Sheriff, Scott Nelson, Matthew Hannah, and Keith Hardin.[1] He asserted an excessive force claim under 42 U.S.C. §1983, a failure to intervene claim under §1983, state law excessive force and failure to intervene claims, and a state law negligence claim.

On August 24, 2021, the federal court entered an order finding that Byrd's federal law claims were prescribed. His federal law claims were dismissed with prejudice. The court declined to exercise jurisdiction over his pendent state law claims. The court noted that interpretation and application of Louisiana's various prescriptive periods to Byrd's state law

---

[1] Nelson was a deputy for the Bossier Parish Sheriff. Hannah and Hardin were officers for the Bossier City Police.

claims remained an issue. The state law claims were dismissed without prejudice. On August 24, 2021, a judgment was rendered in federal court in accordance with the order, dismissing Byrd's federal law claims with prejudice and his state law claims without prejudice.

On September 21, 2021, Byrd filed suit in state district court against the Bossier Parish Sheriff, the City of Bossier City, Deputy Scott Nelson, Deputy Michael Balkom, Officer Matthew Hannah, and Officer Keith Hardin. He alleged that while being arrested, his shoulder was unnecessarily stretched out of socket, which caused a massive rotator cuff tear that left him with severe and debilitating pain, a reduction in use of his shoulder, and a deformity. He contended that the injury will require surgery and extensive therapy. He further alleged that at the time the excessive force was used, he was on the ground in a subdued position and was being handcuffed. Byrd asserted that the officers and deputies committed a second degree battery or a crime of violence against him as that term is defined under law. He maintained that the severity of his injuries supported a finding that he was subjected to a crime of violence. He additionally contended that the deputies and officers committed an aggravated assault against him because they were armed with dangerous weapons at the time.

Byrd contended that the Bossier Parish Sheriff is liable for failing to supervise and train the deputies as well as the officers who were temporarily assigned to a joint task force supervised by the Sheriff. He asserted that the officers and deputies violated standards of care by using techniques with too much force and also unauthorized techniques.

2

The defendants raised the exception of prescription.[2] They argued that prescription on Byrd's claims had expired before he filed his federal lawsuit. They further argued that while his claims of second degree battery and aggravated assault may be potentially actionable, they sound in ordinary tort, and his allegations are legally insufficient to establish a crime of violence necessary for La. C.C. art. 3493.10 to apply.

At the hearing on the exceptions, the trial court concluded that the one-year prescriptive period found in La. C.C. art. 3492 applied. On February 3, 2022, the trial court rendered judgment sustaining the exception of prescription filed by the City of Bossier City defendants. On March 2, 2022, the trial court rendered judgment sustaining the exception of prescription filed by the Bossier Parish Sheriff defendants. Byrd has appealed the dismissal of his lawsuit.

## DISCUSSION

Byrd argues on appeal that the trial court erred in dismissing his lawsuit when it was timely filed because the actions of the officers and deputies amounted to a crime of violence, which triggers application of the two-year prescriptive period found in La. C.C. art. 3493.10. He further argues that legally excessive force is a battery under Louisiana law. Byrd asserts that he pled the crime of violence of second degree battery, and that he made specific allegations of a battery and of a serious bodily injury in his petition, and taken together, the allegations constitute a crime of violence.

---

[2] The Bossier Parish Sheriff and the two deputies also raised the exception of *res judicata*.

Byrd also contends there is no requirement that tortfeasors be arrested, charged, or prosecuted before the two-year period in art. 3493.10 is applied.

Police officers have a duty to act reasonably in effecting an arrest, and the force used must be limited to that required under the totality of the circumstances. *Hall v. City of Shreveport*, 45,205 (La. App. 2 Cir. 4/28/10), 36 So. 3d 419. The reasonableness of an officer's use of force depends upon the totality of the facts and circumstances in each case. *Id.*

The burden of proving prescription ordinarily lies with the party raising the exception; however, when prescription is evident from the face of the petition, the burden shifts to the plaintiff to show the action has not prescribed. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-00061 (La. 10/10/21), 333 So. 3d 368; *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991.

When no evidence is submitted at the hearing on the exception, the exception of prescription must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Mitchell*, *supra*. In that case, the reviewing court simply assesses whether the trial court was legally correct in its finding. *Id.*

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. However, La. C.C. art. 3493.10 provides:

> Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

4

La. R.S. 14:2(B) defines a crime of violence as "an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon." A list of offenses follows, and the commission or attempt to commit any of those offenses are included as crimes of violence. Among those enumerated offenses are second degree battery and aggravated assault.

A battery is defined as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La. R.S. 14:33. Second degree battery is a battery committed when the offender intentionally inflicts serious bodily injury. La. R.S. 14:34.1.

An assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. La. R.S. 14:36. Aggravated assault is an assault committed with a dangerous weapon. La. R.S. 14:37.

Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So. 3d 1145. In the absence of clear, contrary legislative intent, prescriptive statutes that can be given more than one reasonable interpretation should be construed against the party asserting prescription. *Correro v. Ferrer*, 16-0861 (La. 10/28/16), 216 So. 3d 794; *Maltby v. Gauthier*, 506 So. 2d 1190 (La. 1987). If there are two possible

constructions, the one which favors maintaining an action, as opposed to barring it, should be adopted. *Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So. 2d 1261.

The nature of a cause of action must be determined before it can be decided which prescriptive period is applicable. *O'Neal v. Succession of Wells*, 33,915 (La. App. 2 Cir. 12/6/00), 774 So. 2d 1084.

In the unpublished opinion of *Vallery v. City of Baton Rouge*, 2011-1611 (La. App. 1 Cir. 5/3/12), 2012 WL 2877599, __ So. 3d __, *writ denied*, 12-1263 (La. 9/28/12), 98 So. 3d 837, Vallery alleged that his arm was broken when a police officer struck it with a police baton, and that his face and skin were damaged when the officer sprayed him with mace. Following the dismissal of his claims as prescribed, Vallery argued on appeal that his claims were subject to the two-year prescriptive period found in La. C.C. art. 3493.10 because the officer's actions were a crime of violence. The appellate court concluded that Vallery's petition did not sufficiently allege an act defined as a crime of violence.

The *Vallery* court noted that the officer's actions occurred during a police arrest. The court cited La. C. Cr. P. art. 220, which states that an individual shall submit peaceably to a lawful arrest. That article further states that "[t]he person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained." The *Vallery* court added:

> It is well-settled that under Louisiana law, excessive force may transform ordinarily protected use of force into an actionable battery, rendering the officer and his employer liable for

6

> damages. *See Perm[3] v. St. Tammany Parish Sheriff's Office*, 02-0893 (La. App. 1 Cir. 4/2/03), 843 So. 2d 1157, 1161. However, those damages sound in tort, and it does not necessarily follow that the alleged use of excessive force equates to the commission of a crime of violence so as to invoke the two-year prescriptive period of Article 3493.10.

*Id*. at 2.

In *Edwards v. Lewis*, 2022-56 (La. App. 3 Cir. 9/28/22), 348 So. 3d 269, Edwards wrapped his shoelaces around his neck while he was being booked following his arrest. He alleged that the defendant officer committed second degree battery against him by using a taser for an excessive period of time while assisting another officer in removing the shoelaces from around his neck. In opposition to an exception of prescription, Edwards maintained that his claims constituted a crime of violence and he was entitled to the two-year prescriptive period in La. C.C. art. 3493.10.

In affirming the judgment granting the exception of prescription, the *Edwards* court recognized that in order for art. 3493.10 to apply, Edwards' petition had to sufficiently allege an act defined as a crime of violence in La. R.S. 14:2. Referencing La. C. Cr. P. art. 220, the court noted that the taser was used after Edwards attempted to choke himself while he was in police custody following an arrest and was being booked. Furthermore, the *Edwards* court noted that the record did not contain a criminal complaint, bill of information, or indictment against the officer who had used the taser.

Our research reveals this Court's decision in *Lewis v. Parish*, 51,064 (La. App. 2 Cir. 1/11/17), 212 So. 3d 1186, *writ not cons.*, 17-0852 (La.

---

[3] "Penn" is the correct spelling of the plaintiff's last name in that case.

9/21/18), 252 So. 3d 494. Lewis filed a tort suit alleging that he had been subjected to aggravated kidnapping at gunpoint and false imprisonment at gunpoint while incarcerated following his allegedly illegal convictions for drug offenses. Lewis appealed the judgment dismissing his lawsuit as prescribed. This Court considered that aggravated kidnapping was a crime of violence and applied La. C.C. art. 3493.10. However, this Court decided that even under the most generous interpretation, the longest prescriptive period that could apply to Lewis's claim was two years. Lewis was last in custody in 2008, but did not file suit until 2012; thus, his claim was clearly prescribed on its face.

*Lewis v. Parish*, *supra*, can be readily distinguished on a couple of grounds. First, other than the defendants' argument that, at most, Lewis had two years from his last day of confinement to bring his suit, there was no discussion in the opinion as to why claims by an inmate regarding his "aggravated kidnapping at gunpoint" and "false imprisonment at gunpoint" would even trigger the application of art. 3493.10 in the first place:

> Most delictual actions are covered by the one-year prescriptive period in La. C.C. art. 3492 . . . .
>
> However, La. C.C. art. 3493.10 provides . . . .
>
> According to La. R.S. 14:2(B)(15), aggravated kidnapping is a crime of violence.
>
> Under the most generous interpretation, the longest prescriptive period that could possibly apply to Lewis's claim is two years. As alleged in his petition, he was last in the custody of the RPDC on April 27, 2008. Lewis did not file this suit until June 2012. His claim has clearly prescribed on its face. No evidence was presented to the contrary. The trial court did not err in granting the exception and dismissing the claim with prejudice.

*Id*. at 8-9, 212 So. 3d at 1190-1191. Second, *Lewis* dealt with complaints arising from an imprisonment and not from an arrest or detention. As noted earlier, La. C. Cr. P. art. 220 provides that reasonable force to effect an arrest and detention may be used during a lawful arrest. Lewis's complaints stemmed from the basis for his incarceration, not from what actions officers took during his arrest.

In *Anding o/b/o Anding v. Ferguson*, 54,575 (La. App. 2 Cir. 7/6/22), 342 So. 3d 1138, a store patron died while being apprehended by a police officer who was working a private security detail at a department store. A wrongful death and survival action was brought more than 15 months after the incident. The plaintiffs argued their suit was timely because the use of force was considered a crime of violence, making their claim subject to the two-year prescriptive period found in La. C.C. art. 3493.10. This Court rejected that argument, recognizing that wrongful death and survival actions are governed by specific prescriptive periods of one year.

The mere fact that Byrd contends the actions of the deputies and officers were crimes of violence does not make it so. La. C. Cr. P. art. 220 permitted the deputies and officers to use "reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance" of Byrd. The injuries allegedly sustained by Byrd do not automatically transform the defendants' permitted actions into crimes of violence. There is no evidence that the deputies or officers were charged with a crime or even subjected to disciplinary action from their departments. Thus, the damages allegedly suffered by Byrd were not the result of a crime of violence perpetrated by the Bossier Parish deputies or the Bossier City

9

officers.  Accordingly, we conclude that the facts alleged in Byrd's petition are insufficient to state claims that constitute crimes of violence.  He had one year under La. C.C. art. 3492 to file his suit, which he failed to do.

For the foregoing reasons, we conclude that the trial court did not err in sustaining the exceptions of prescription.

## DECREE

At Byrd's appeal costs, the judgments dismissing his lawsuit with prejudice are AFFIRMED.